UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| TAMMY A. TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:13-cv-00153-RLY-WGH |
| | ) | |
| CAROLYN W. COLVIN Acting Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Tammy A. Tucker, seeks judicial review of the final decision of the Defendant, Carolyn W. Colvin, acting Commissioner of the Social Security Administration, denying her applications for Social Security Disability Insurance benefits and Supplemental Security Income. Pursuant to 28 U.S.C. § 636, the court referred the case to the Magistrate Judge, who submitted a Report and Recommendation (Filing No. 24) on December 22, 2014. Tucker now objects to the Report and Recommendation but has not filed a brief or otherwise presented argument in support of her objections. (*See* Filing No. 25). She simply states that (1) the Administrative Law Judge ("ALJ") failed to "appropriately consider the combined effect of [Tucker's] impairments," and (2) the "Plaintiff did not consent to the use of a magistrate [judge] in this cause." (*Id.*).

The court reviews *de novo* any part of the magistrate judge's disposition to which a party has properly objected. Fed. R. Civ. P. 72(b). However, when "no objection or

1

only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). When reviewing portions *de novo*, the court must affirm the ALJ's decision unless it is not supported by substantial evidence. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009).

First, Tucker's blanket assertion that the ALJ failed to consider the combined effects of Tucker's impairments lacks merit. After reviewing the record, the Report and Recommendation, and the applicable law, the court finds that Tucker has failed to show that the ALJ's decision is not supported by substantial evidence. Second, § 636(b)(1) grants the district court authority to refer social security benefit cases to a magistrate judge for reports and recommendations. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S. Ct. 549, 46 L. Ed. 2d 483 (1976); 42 U.S.C. § 405(g). In such cases, because the magistrate judge does not render a final disposition, the court need not obtain consent of the parties. *See* § 636(b)–(c).

For the foregoing reasons, the court **ADOPTS** the Magistrate Judge's Report and Recommendation.

**SO ORDERED** this 17th day of February 2015.

							_____
							RICHARD L. YOUNG, CHIEF JUDGE
							United States District Court
							Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.